IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JUNIOR BOMPETI,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-01237-O-BP |
| | § | |
| **USCIS IMMIGRATION,** | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Junior Bompeti sued USCIS Immigration on December 13, 2023. ECF No. 1. He filed a Motion for Leave to Proceed *In Forma Pauperis* that same day. ECF No. 3. Although Bompeti filed a long form application, he did not complete most of the sections of the form, leaving the bulk of the form incomplete. *Id.* The Court ordered Bompeti to either pay the filing fee or submit a fully completed long form application to proceed *in forma pauperis* on or before December 29, 2023. *See* ECF No. 7. The Court warned Bompeti that noncompliance "**could result in the dismissal of this case without further notice**. *See* FED. R. CIV. P. 41(b)." *Id.* at 2. Bompeti did not comply, and the Court *sua sponte* extended the deadline to January 18, 2024, and warned him a second time that failure to comply risked a dismissal recommendation. ECF No. 8. By Order dated January 19, 2024, the Court entered a third and final extension for Bompeti to comply on or before January 26, 2024. ECF No. 9. To date, Bompeti has neither complied with the Court's Orders nor submitted any other pleading explaining his delay.

District courts may dismiss an action *sua sponte* for failure to prosecute or follow court orders. *See* Fed. R. Civ. P. 41(b). This authority flows from a court's inherent power to manage its docket. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v.*

*Wabash R.R. Co.*, 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). But dismissals with prejudice for want of prosecution are considered an extreme sanction. *Id.* Accordingly, the Court should employ such dismissals only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Despite three clear warnings that noncompliance could result in dismissal of his case under Federal Rule of Civil Procedure 41(b), Bompeti did not comply with the Court's orders or file a pleading to explain his delay. Absent compliance with the Court's orders, this case cannot proceed. Because nothing indicates Bompeti's noncompliance stems from purposeful delay or contumaciousness, a dismissal without prejudice is warranted. *Long*, 77 F.3d at 880. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **without prejudice** under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except

upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

  **SIGNED** on February 7, 2024.

                 _____
                 Hal R. Ray, Jr.
                 UNITED STATES MAGISTRATE JUDGE